Nash, C. J.
 

 There is error. The declaration made by the defendant, in 1847, as stated in the case, does not prevent the bar of the Statute of Limitations. The action was brought within three years after that time. There is no error in the charge, as to the liability of the defendants, on the promise which the testator made at the time he induced the plaintiff to keep the little boy with him, and the only question is, as to that portion of it which refers to the Statute of Limitations. “In 1847 (the case states) the defendant declared he was going on to see plaintiff who, he understood, was not satisfied with the services of the boy as a compensation for maintaining him, and in the interview, he told the plaintiff, who was sick and unable to make out his account, to bring it forward, and he would settle it. The wife of the plaintiff then said that if the sum was .credited upon a note which the executor held payable to his
 
 *478
 
 testator as guardian, it would be satisfactory, as they did not want the money.
 
 The executor said Tie would settle it.”
 
 The first part of his Honor’s charge is correct; the exception is to the latter part. The jury were instructed, “ but a promise to pay such sum as the plaintiff might deem just, when he should bring it forward, would release the demand from the operation of the Statute.” In this there is error. This case brings up the often disputed question what declaration by a defendant will take a case out of the Statute of Limitations.
 

 The original departure from the Statute has proved a legal Pandora’s box, and will continue so, a fruitful source of litigation too firmly fixed upon the Courts to be now got rid of by them. We are saved all trouble, of investigation in drawing lines of discrimination, most frequently in themselves unsatifac-to'ry, and hard to be drawn, by the recent cases of McBryde v. Gray, Busbee 420; McRea v. Leary, ante. 91. The opinions, in both these cases, were drawn by one brother Battle and all the other cases upon this subject elaborately examined. ' In the first, the declaration relied on by the plaintiff, was that the defendant’s testator, in less than three years before the action brought, declared “ that he intended to pay the plaintiff for keeping the old woman until he was satisfied.” The Court decide “that the declarations were too vague and indefinite, to amount to an express promise to pay the plaintiff’s claim,' or to such an acknowledgement as would justify the inference of an implied promise to pay it, and there is no account rendered nor anything else by which the claim can be rendered more definite and certain,” and it was held the declaration did not take the case out of the Statute. The second case is still more .to the purpose. It was proved that the account which was entered upon, the plaintiff’s books had at different times been handed to the defendant’s testator, and that a few days before his deaths the testator said, “ my account has been handed in, I owe John McRea a large amount of money, and am afraid he is getting uneasy, but as soon as I finish the building I am now working on, I will call and settle it.” In delivering the opi
 
 *479
 
 nion, tbe Court ruled
 
 “
 
 that if the account handed in by the defendant’s testator was referred to by him, as that account was not produced,and there was no evidence of its amount, there was no means of ascertaining it by computation or otherwise, and there was nothing to prevent the operation of the Statute,” &c. In our case, at the time the declaration relied on by the plaintiff was made, the latter had no account reduced to writing, for the case states that at the time the declaration was made, the plaintiff was sick and unable to
 
 make out
 
 his account. There was, then, no means of ascertaining the amount due from which by computation or otherwise, that amount could be ascertained, under the principle
 
 id cerium est quod cerium protest reddi.
 

 The principle established by these and other cases, is, “ that to take a case out of the Statute of Limitations, there must be a promise expressed or implied to pay a
 
 certain
 
 definite sum, or an amount capable of being reduced to certainty by reference to some paper, or by computation, or in some other
 
 infallible mode
 
 not dependent on the agreement of the parties on the finding of arbitrators, or of a jury.” We consider the principle thus expressed as a wholesome one, and as near an approach to the Statute as any departure from its expressions will allow. ■ For this error the judgment is reversed, and a
 
 venire de novo
 
 awarded.
 

 Per Curiam. Judgment reversed.